IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| Phillip JACKSON, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Garnett JOHNSON, and Modern Business Workplace Solutions, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Phillip Jackson ("Mr. Jackson") and files this Complaint against Defendants Garnett Johnson and Modern Business Workplace Solutions, LLC ("MBS"), and in support thereof shows the following:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. He seeks liquidated and actual damages, as well as attorney's fees and costs, for Defendants' failure to pay him wages, failure to pay him an overtime premium, and illegal termination of his employment in violation of the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. (the "FLSA").

## JURISDICTION AND VENUE

2.

This Court has original, federal-question jurisdiction over this action, pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3.

This Court has personal jurisdiction over Defendants, and venue is proper in this Court, because Defendants reside within this district and division and because the acts and omissions giving rise to Plaintiff's claims occurred herein.

## PARTIES

4.

Plaintiff is a resident of the State of Georgia. He submits to the jurisdiction of this Court.

5.

Defendant MBS is a private corporation providing services such as workplace design and renovation to other businesses.

6.

Defendant Johnson is a resident of Augusta, Georgia, and at all times relevant to this Complaint, he was the president and owner of Defendant MBS. He may be served with process at the Mayor's Office of the City of Augusta.

7.

Defendant MBS may be served with process by service upon its registered agent, located at 1018 Telfair Street, Augusta, Georgia, 30901.

**FACTS**

8.

Mr. Jackson worked for MBS from February of 2021 until Defendants terminated his employment in May of 2022.

9.

In his employment with MBS, Mr. Jackson's job responsibilities involved, for example, tearing down and rebuilding cubicles, desks, filing cabinets, and other office furniture and wiring lights in commercial buildings.

10.

In his employment with MBS, Mr. Jackson was not responsible for managing other employees, and he had little or no discretion in what job assignments he worked.

11.

Defendants usually paid Mr. Jackson for his labor by the hour, and from time to time, Mr. Jackson worked more than forty hours in one week.

12.

Sometimes, when Mr. Jackson worked more than forty hours in one week, Defendants paid him one and one-half times his regular rate for the time he worked in excess of forty hours that week, as required by the FLSA.

13.

However, on several occasions, Defendants did not pay Mr. Jackson a proper premium for his overtime.

14.

For example, in 2021, on a project at the College of Math and Science in Augusta, Georgia, Mr. Jackson worked every single day from June 13 through and including July 5, a total of twenty-three days.

15.

For those twenty-three days, Mr. Jackson worked typically in excess of twelve hours per day. His records show a total of 309.5 hours worked in this time.

16.

Mr. Jackson's paystubs from this time show that he was paid only for 80 of the 309.5 hours he worked, for a deficit of 229.5 unpaid hours.

17.

At the time, and on several occasions since, his supervisors at MBS, including Defendant Johnson, told Mr. Jackson he was "salaried for that project."

18.

That statement is false. Mr. Jackson was not "salaried for that project," and the scope of Mr. Jackson's employment was all but identical to his usual duties, when MBS paid him by the hour.

19.

At the time, upon information and belief, Defendants knew that statement was false or made that statement with reckless disregard as to its truth or falsity.

20.

When the project at the College of Math and Science had been completed, Defendants paid Mr. Jackson and several other employees a bonus.

21.

The amount of this bonus was entirely in Defendant Johnson's discretion as president of MBS.

22.

Mr. Jackson at no point and in no way agreed to accept this bonus in satisfaction of his right to premium overtime pay under the FLSA.

23.

Other employees who did not work overtime, or who did not work as much overtime as Mr. Jackson, received the same bonus as Mr. Jackson.

24.

The bonus was significantly less than the amount of premium overtime pay Mr. Jackson was due under the FLSA.

25.

In the months following the completion of the project at the College of Math and Science, Mr. Jackson repeatedly asserted his right to full premium pay for the overtime he worked on that project, including to Defendant Johnson directly.

26.

Defendants' responses did not always deny that Mr. Jackson worked overtime on that project.

27.

Defendants instead often responded with false statements such as "[Y]ou were bonused more than you would have been paid."

28.

On some occasions, Defendants responded by telling Mr. Jackson the bonus was in lieu of overtime. On other occasions, Defendants told Mr. Jackson the bonus was for completing the job quickly and well.

29.

The last time Mr. Jackson attempted to assert his right to this unpaid overtime was in a text message to Defendant Johnson on May 17, 2022.

30.

In a letter dated May 20, 2022, MBS terminated Mr. Jackson's employment. Upon information and belief, Defendant Johnson as president of MBS personally made this decision.

31.

Mr. Jackson's termination letter alleges that he did not report to work at 10:30 a.m. on May 19, 2022, and did not receive prior approval for his absence.

32.

Mr. Jackson's daughter was receiving an award at her elementary school on May 19, 2022, and in the days prior, Mr. Jackson repeatedly requested time off, in writing, so that he could attend the ceremony.

33.

MBS did not respond to his requests until 10:18 a.m. on May 19, 2022, ordering him to report to work twelve minutes later.

34.

Mr. Jackson had essentially no prior history of unexcused absences and no prior history of any other kind of misconduct or poor performance.

35.

Defendants would not have terminated Mr. Jackson's employment but for his assertion of his rights under the FLSA.

36.

At all times relevant to this Complaint, both Defendants controlled the terms and conditions of Mr. Jackson's employment, work schedule, and pay. Both Defendants were "employers" of Mr. Jackson within the meaning of the FLSA.

37.

Defendants are an enterprise engaged in commerce or in the production of goods for commerce, with a gross volume of sales made or business done of not less than $500,000 per year.

## CLAIMS

### Count 1 – Failure to Pay Overtime in Violation of the FLSA

38.

Mr. Jackson repeats each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

39.

"[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C.A. § 207.

40.

"A premium in the form of a lump sum which is paid for work performed during overtime hours without regard to the number of overtime hours worked does not qualify as an overtime premium even though the amount of money may be equal to or greater than the sum owed on a per hour basis." 29 C.F.R. § 778.310. *See also* 29 C.F.R. § 778.211(a) (Lump sums which are paid entirely in the employer's discretion "may not . . . be credited toward overtime compensation due under the [FLSA].").

41.

As set forth above, Defendants failed to pay Mr. Jackson his wages and the overtime differential required on occasions that Mr. Jackson worked over forty hours in a workweek.

42.

Defendants are therefore liable to Mr. Jackson, pursuant to 29 U.S.C. §216, for unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

**Count 2 – Retaliation in Violation of the FLSA**

43.

Mr. Jackson repeats each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

44.

"No employer shall discharge or in any manner discriminate against any employee [who has] objected to . . . any activity, policy, practice, or assigned task that the employee (or other such person) reasonably believed to be in violation of any provision of this title . . . ." 29 U.S.C.A. § 218c(a)(5).

45.

As set forth above, Defendants discharged Mr. Jackson because he objected to their failure to pay him overtime in violation of the FLSA.

46.

Defendants are therefore liable to Mr. Jackson, pursuant to 29 U.S.C. §216, for his lost back-pay, lost front-pay, other consequential and compensatory damages, attorneys' fees, and the costs of this litigation.

47.

Defendants knew or showed reckless disregard for the fact their actions, policies, and/or omissions violated the FLSA.

**WHEREFORE**, Plaintiff prays:

(A)   for a trial by jury;

(B)   for a judgment in his favor on the claims asserted herein;

(C) for an order declaring Defendant to be in violation of the FLSA;

(D) for an award, assessed against Defendant, of all compensatory damages, all liquidated damages, pre-judgment interest, reasonable attorneys' fees, and costs; and

(E) for any further and additional legal and equitable relief as the Court finds appropriate.

This 8th day of June, 2023.

*s/ Zachary Panter*
Zachary Panter
Georgia Bar No. 822012
*Attorney for Plaintiff*

**Radford & Keebaugh, LLC**
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
zachary@decaturlegal.com