IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| PHILLIP JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| GARNETT JOHNSON, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:23-CV-74-JRH-BKE |
| First Defendant, | ) | |
| | ) | **Jury Trial Demanded** |
| AND | ) | |
| | ) | |
| MODERN BUSINESS WORKPLACE | ) | |
| SOLUTIONS, LLC, | ) | |
| | ) | |
| Second Defendant. | ) | |

**DEFENDANTS' ANSWER AND STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Garnett Johnson and Modern Business Workplace Solutions, LLC (collectively "Defendants") by and through undersigned counsel, hereby file their Answer and Statement of Affirmative and Other Defenses to Plaintiff's Complaint for Damages (hereinafter the "Complaint") and state as follows:

**INTRODUCTION**

This action arises under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq,* and specifically the provisions of the FLSA found at 29 U.S.C. § 216. Defendants deny each and every allegation or implication of the Complaint that Defendants violated any right of Plaintiff under the FLSA or any other statute, law, or regulation or that Plaintiff is entitled to any recovery or relief against Defendants.

1

Defendants respond to the factual allegations contained in the individually numbered paragraphs of the complaint as follows:

**Nature of Complaint**

1. Defendants admit that Plaintiff has filed this action seeking relief as alleged in this paragraph of the Complaint and deny that Plaintiff is entitled to the relief requested or any other relief and all other allegations contained in this paragraph of the Complaint.

**Jurisdiction and Venue**

2. Defendants admit that this Court has federal question jurisdiction over the claims asserted in the Complaint as alleged in this paragraph of the complaint but deny violation of any laws that support a claim for relief by Plaintiff.

3. Defendants admit on information and belief that personal jurisdiction and venue are proper in this Court as alleged in this paragraph of the Complaint but deny violation of any laws that support a claim for relief by Plaintiff.

**Parties**

4. Defendants admit on information and belief the allegations contained in this paragraph of the Complaint.

5. Defendants admit on information and belief that Defendant Modern Business Workplace Solutions, LLC ("MBS") is a private corporation providing services such as workplace design and renovation to other businesses as alleged in this paragraph of the Complaint.

6. Defendants admit on information and belief that Defendant Johnson is a resident of Augusta, Georgia, that he is the President and an owner of Defendant MBS, and that he may be served as provided by law.

7. Defendants deny on information and belief the allegations contained in this paragraph the Complaint.

**Facts**

8. Defendants deny the allegations contained in this paragraph of the Complaint as alleged.

9. Defendants admit on information and belief the allegations contained in this paragraph of the Complaint.

10. Defendants lack information sufficient to admit or deny the allegations contained in this paragraph of the Complaint and therefore deny the allegations.

11. Defendants admit on information and belief that Plaintiff was usually paid by the hour and deny the remaining allegations within this paragraph of the Complaint.

12. Defendants deny on information and belief the allegations contained in this paragraph of the Complaint as alleged.

13. Defendants deny on information and belief the allegations contained in this paragraph of the Complaint as alleged.

14. Defendants deny on information and belief the allegations contained in this paragraph of the Complaint as alleged.

15. Defendants lack information sufficient to admit or deny the allegations contained in this paragraph of the Complaint and therefore deny the allegations.

16. Defendants lack information sufficient to admit or deny the allegations in this paragraph of the Complaint and therefore deny the allegations.

17. Defendants lack information sufficient to admit or deny the allegations contained in this paragraph of the Complaint and therefore deny the allegations.

18. Defendants deny on information and belief the allegations contained in this paragraph of the Complaint.

19. Defendants deny on information and belief the allegations contained in this paragraph of the Complaint.

20. Defendants deny on information and belief the allegations contained in this paragraph of the Complaint as alleged.

21. The allegations in this paragraph of the Complaint contain legal conclusions to which a response is not required. To the extent that a response is required, Defendants deny the allegations contained in this paragraph of the Complaint.

22. Defendant deny the allegations contained in this paragraph of the Complaint.

23. Defendants deny on information and belief the allegations contained in this paragraph of the Complaint as alleged.

24. Defendants deny on information and belief the allegations contained in this paragraph of the Complaint and alleged.

25. Defendants deny on information and belief the allegations contained in this paragraph of the Complaint as alleged.

26. Defendants lack information sufficient to admit or deny the allegations contained in this paragraph of the Complaint and therefore deny the allegations. Answering further, the referenced responses speak for themselves.

27. Defendants deny on information and belief the allegations contained in this paragraph of the Complaint as alleged.

28. Defendants lack information sufficient to admit or deny the allegations contained in this paragraph of the Complaint and therefore deny the allegations. Answering further, the referenced responses speak for themselves.

29. Defendants lack information sufficient to admit or deny the allegations contained in this paragraph of the Complaint and therefore deny the allegations. Answering further, the referenced text message(s) speak for themselves.

30. Defendants lack information sufficient to admit or deny the allegations concerning Plaintiff's employment termination as alleged in this paragraph of the Complaint. Answering further, the referenced letter speaks for itself. Defendants deny the remaining allegations of this paragraph of the Complaint.

31. Defendants lack information sufficient to admit or deny the allegations concerning Plaintiff's employment termination as alleged in this paragraph of the Complaint. Answering further, the referenced letter speaks for itself.

32. Defendants lack information sufficient to admit or deny the allegations contained in this paragraph of the Complaint and therefore deny the allegations.

33. Defendants lack information sufficient to admit or deny the allegations contained in this paragraph of the Complaint and therefore deny the allegations.

34. Defendants deny on information and belief the allegations contained in this paragraph of the Complaint.

35. Defendants deny the allegations contained in this paragraph of the Complaint.

36. Defendants deny on information and belief the allegations contained in this paragraph of the Complaint. The allegations in this paragraph of the Complaint contain legal conclusions to which a response is not required.

37. The allegations in this paragraph of the Complaint contain legal conclusions to which a response is not required. Defendant MBS admits on information and belief the allegations in this paragraph of the Complaint. Defendant Johnson lacks information sufficient to admit or deny the allegations contained in this paragraph of the Complaint and therefore deny the allegations.

## Claims

### Count 1 – Failure to Pay Overtime in Violation of the FLSA

38. Defendants incorporate their responses and defenses to Paragraphs One through Thirty-Seven of the Complaint as if fully alleged verbatim herein.

39. The allegations in this paragraph of the Complaint contain legal conclusions to which a response is not required. To the extent that a response is required, Defendants deny on information and belief the allegations contained in this paragraph of the Complaint.

40. The allegations in this paragraph of the Complaint contain legal conclusions to which a response is not required. To the extent that a response is required, Defendants deny on information and belief the allegations contained in this paragraph of the Complaint.

41. Defendants deny the allegations contained in this paragraph of the Complaint.

42. Defendants deny the allegations contained in this paragraph of the Complaint.

### Count 2

### Retaliation in Violation of the FLSA

43. Defendants incorporate their responses and defenses to Paragraphs One through Forty-Two of the Complaint as if fully alleged verbatim herein.

44. The allegations in this paragraph of the Complaint contain legal conclusions to which a response is not required. To the extent that a response is required, Defendants deny on information and belief the allegations contained in this paragraph of the Complaint.

45. Defendants deny the allegations contained in this paragraph of the Complaint.

46. Defendants deny the allegations contained in this paragraph of the Complaint.

47. Defendants deny the allegations contained in this paragraph of the Complaint.

## PRAYER FOR RELIEF

Defendants deny all the remaining allegations contained in the WHEREFORE paragraph of the Complaint, and denies that Plaintiff is entitled to any remedy or relief of any kind whatsoever for the claims alleged in the Complaint.

## GENERAL DENIAL

To the extent that any allegation of the Complaint has not been specifically admitted, denied, or otherwise controverted herein, Defendants deny the allegation.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiff has failed to state a claim upon which relief can be granted because, among other reasons, Plaintiff was paid for all hour worked, Plaintiff was employed as a Manager and Administrator, and Plaintiff is exempt from the FLSA due to his status as a Manager and Administrator.

**Second Defense**

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiff are barred.

**Third Defense**

Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, order, ruling, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

**Fourth Defense**

Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds to believing that the actions or omissions were not a violation of the FLSA.

**Fifth Defense**

Plaintiff's claims are barred in whole or in part to the extent that the work he performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207.

### Sixth Defense

Plaintiff's claims are barred in whole or in part to the extent that the work he performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213 (a) and/or (b).

### Seventh Defense

Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities.

### Eighth Defense

Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curet lex.*

### Ninth Defense

To the extent that discovery reveals that Plaintiff previously received compensation for his alleged unpaid overtime wages in connection with, or as a result of, a payment to Defendant's employees supervised by the Department of Labor, or in connection with, or as a result of, a prior judicial action that was resolved through a court-approved settlement or judgment, Defendant hereby invokes the doctrine of waiver to bar the claims asserted by Plaintiff. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

### Tenth Defense

To the extent that discovery reveals that Plaintiff falsely reported his hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiff to falsely report his hours; and no evidence that

Defendants knew or should have known that Plaintiff was providing false information as to his hours, Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by Plaintiff.  See Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972).

### Eleventh Defense

Defendants at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages.

### Twelfth Defense

Defendants are entitled to a set-off with respect to Plaintiff for monies paid for any hours where Plaintiff was not working.

### Thirteenth Defense

Plaintiff was not engaged in activity protected by the FLSA when Plaintiff terminated his employment.

### Fourteenth Defense

Plaintiff abandoned his employment and therefore did not suffer an adverse action by his employer.

### Fifteenth Defense

Any activity on the part of Plaintiff that is covered by the FLSA was not the cause of the adverse action alleged by Plaintiff.

### Sixteenth Defense

If Plaintiff was terminated by one or more Defendants, the reasons for Plaintiff's termination were legitimate and nonretaliatory.

**Seventeenth Defense**

Plaintiff would have been terminated regardless of any activity that would have been protected by the FLSA.

**Eighteenth Defense**

Defendants reserve the right to assert additional defenses or claims which may become known during the course of discovery.

**WHEREFORE,** having answered fully, Defendants request a jury trial on all issues so triable, that this Court dismiss the Complaint with prejudice, that the Court deny Plaintiff's demands and prayer for relief and enter judgment in Defendants' favor and against Plaintiff on all claims, that this Court award Defendant's costs and reasonable attorney's fees incurred in defense of this action under the FLSA and any other applicable law; and that this Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of August, 2023.

/s/ Daniel W. Hamilton
Daniel W. Hamilton
Georgia Bar No. 320855
dhamilton@phmglaw.com

/s/ Jason R. Graves
Jason R. Graves
Georgia Bar No. 530049
jgraves@phmglaw.com

Counsel for Defendants

Plunkett Hamilton Manton & Graves, LLP
429 Walker Street, Upper Level
Augusta, Georgia 30901
Telephone: (706) 722-6200

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system and served the same on Plaintiff's counsel of record using the CM/ECF system identified as follows:

Zachary Panter
Attorney for Plaintiff
zachary@decaturlegal.com
315 W. Ponce de Leon Avenue
Decatur, Georgia 30030

This 18th day of August, 2023.

*/s/Daniel W. Hamilton*
Daniel W. Hamilton