IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

Phillip JACKSON,          )
                     )        Civil Action No.
    Plaintiff,        )
v.                 )      1:23-CV-74-JRH-BKE
                     )
Garnett JOHNSON, and Modern  )
Business Workplace Solutions, LLC,  )
                     )
    Defendants.      )
                     )

## JOINT MOTION TO APPROVE SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT

Defendants Garnett Johnson and Modern Business Workplace Solutions, LLC ("MBS"), and Plaintiff Phillip Jackson ("Plaintiff") (together, "the Parties"), by and through their undersigned counsel, hereby submit this Joint Motion to Approve Settlement and Memorandum of Law in Support.

## I.    FACTUAL BACKGROUND

On June 8, 2023, Plaintiff filed his Complaint (Dkt. 1), alleging Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime wages to Plaintiff and retaliating against him for his complaints regarding same. On August 18, 2023 Defendants filed an Answer and Affirmative Defenses denying Plaintiff's allegations and any liability to Plaintiff.

-1-

In discussing potential early resolution of this matter, the Parties agreed to participate in mediation on December 12, 2023, with the Honorable Judge Brian K. Epps. (Dkt. 12). There, the Parties reached an agreement to settle this matter amicably. Under the agreement, attached hereto as Attachment A (the "Settlement Agreement"), Plaintiff will receive consideration from Defendants to resolve his claims, notwithstanding that Defendants maintain they are not liable to Plaintiff under the FLSA or any other possible theory or claim.  As a result, the Parties respectfully request that the Court dismiss this action with prejudice.

Under the Parties' proposed settlement, Defendants agree to pay Plaintiff a total of thirty-seven thousand five hundred dollars and zero cents ($37,500.00), inclusive of attorneys' fees, costs, and expenses, in consideration of Plaintiff's FLSA claims and other claims Plaintiff could have asserted against Defendants. Moreover, although Defendants continue to deny that they owe Plaintiff the amounts he has claimed for overtime wages, or any other amount, and deny having retaliated against Plaintiff in any way, shape, or form, they agree to resolve this litigation conclusively under the terms set forth in Attachment A to avoid additional litigation costs and attorneys' fees while conclusively ending Plaintiff's litigation in an amicable manner.

The Parties jointly agree that the terms of their settlement, memorialized in their entirety in Attachment A, are appropriate in light of all of the facts and legal standards applicable in this case, and both the costs of protracted litigation and the risk of each side winning or losing were taken into account in the Parties agreeing upon the resolution memorialized in their Settlement Agreement.  The Parties further believe there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to evaluate the Parties' claims and defenses and make recommendations to reach a fair and reasonable resolution of this matter.

## II.   ARGUMENT

### A.   Approval of the Terms of the Settlement Agreement

Judicial review and approval of an FLSA settlement provide final and binding effect. As the Eleventh Circuit has explained:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Thus, pursuant to *Lynn's Food*, the Court should review the Parties' Settlement Agreement to determine if it is "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

1. the existence of fraud or collusion behind the settlement;
2. the complexity, expense, and likely duration of the litigation;
3. the stage of the proceedings and the amount of discovery completed;
4. the probability of plaintiff's success on the merits;
5. the range of possible recovery; and
6. the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2–3 (M.D. Fla. Jan. 8, 2007). There is a strong presumption in favor of finding a settlement fair, *Hamilton*, 2007 U.S. Dist. LEXIS, at *4, and courts have found no fraud or collusion where the parties were represented by counsel and the amount to be paid to the plaintiff seemed fair on its face. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11–12 (M.D. Fla. Dec. 21, 2006).

-4-

Case 1:23-cv-00074-JRH-BKE   Document 14   Filed 01/30/24   Page 5 of 8


**B.     The Settlement is Fair, Just, and Reasonable**

In this case, the proposed settlement is fair, just, and reasonable. At all times during this litigation, Plaintiff and Defendants have been represented by counsel experienced in the litigation of FLSA claims, and the settlement amount and the final Settlement Agreement were the subject of arms-length negotiations. The settlement amount is not disproportionate relative to the range of the possible recovery and stage of proceedings, and it is neither so great nor so little as to suggest collusion, fraud, or any other inappropriate conduct by Plaintiff, Defendants, or counsel through negotiations and litigation. For all parties involved, the probability of success on the merits and length of future litigation also militate in favor of this settlement. If the Parties continue to litigate this matter, they will be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for the Parties to minimize future risks and litigation costs.

Further, at the request of the parties, United States Magistrate Judge presided over the mediation wherein the parties reached this settlement. At that mediation, each party was represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their clients' rights.

The Parties therefore jointly and respectfully submit that the Settlement Agreement they have entered into is consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*, and all of the relevant criteria support approval of the ultimate settlement in this matter.

Finally, the Parties jointly aver that their Settlement Agreement, submitted for review and approval by the Court as Attachment A hereto, includes every term and condition of the Parties' settlement, such that there are no side deals or other terms outside of those being provided to the Court for review.

## III.   CONCLUSION

For the foregoing reasons, the Parties agree and believe the settlement terms are fair, reasonable, and adequate. The Parties therefore respectfully request that the Court grant this Joint Motion for Approval of the Settlement, enter the Proposed Order submitted herewith dismissing this action with prejudice, and retain jurisdiction over this case to enforce the Parties' Settlement Agreement.

Respectfully submitted this 30th day of January 2024.

<table>
<tr><td>

*Daniel W. Hamilton\**
Daniel W. Hamilton
Georgia Bar No. 320855
*Jason R. Graves*
Jason R. Graves
Georgia Bar No. 530049
Plunkett Hamilton Manton & Graves, LLP
429 Walker Street, Upper Level
Augusta, Georgia 30901
Telephone: (706) 722-6200
dhamilton@phmglaw.com
jgraves@phmglaw.com

*Counsel for Defendants*

*\*With express permission*

</td><td>

*Jake Knanishu*
Jake Knanishu
Georgia Bar No. 597103
*Zachary Panter*
Zachary Panter
Georgia Bar No. 822012
Radford Scott, LLP
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
jknanishu@radfordscott.com
zpanter@radfordscott.com

*Counsel for Plaintiff*

</td></tr>
</table>

## Certificate of Service

I certify that on January 30, 2024, I filed the foregoing document using the Court's electronic filing system, which will send email notification of such filing to all counsel of record in this matter.

*/s/ Jake Knanishu*
Jake Knanishu
Georgia Bar No. 597103
