# Attachment A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| PHILLIP JACKSON,<br><br>Plaintiff,<br><br>VS.<br><br>GARNETT JOHNSON,<br><br>First Defendant,<br><br>AND<br><br>MODERN BUSINESS WORKPLACE SOLUTIONS, LLC,<br><br>Second Defendant. | ) | CIVIL ACTION FILE NO.<br>1:23-CV-74-JRH-BKE |

**RELEASE AND SETTLEMENT AGREEMENT**

This Release and Settlement Agreement is made and entered into by Phillip Jackson, (hereinafter "Plaintiff") and Garnett Johnson and Modern Business Workplace Solutions, LLC (hereinafter "Defendants").

**RECITALS**

**WHEREAS,** Plaintiff was previously employed by Defendant Modern Business Workplace Solutions ("MBWS") from April 20, 2021 until May 19, 2022 as an installer;

**WHEREAS,** Plaintiff alleges that he was not compensated as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA") during certain periods of his employment with MBWS;

**WHEREAS**, Plaintiff and Defendants maintain that a bona fide dispute exists regarding whether Defendants owe alleged overtime pay for hours worked by Plaintiff;

**WHEREAS**, the parties agreed to mediate the claims involved in this case and subsequently mediated this case on December 12, 2023;

**WHEREAS**, the parties reached a settlement of all claims in this case at mediation, memorialized the essential terms of the settlement on a Settlement Term Sheet submitted to the Court on December 12, 2023, and, in accordance with the settlement, agreed to more fully set forth the terms of the settlement in this Release and Settlement Agreement; and

**WHEREAS,** Plaintiff and Defendants wish to compromise and settle all claims related to the referenced dispute as follows.

**NOW, THEREFORE,** in order to effect a full, final, and complete settlement and satisfaction of any claims that the Plaintiff may have against Defendants and Defendants and Defendant's agents, officers, directors, owners, and employees (hereinafter, "Releasees,") Plaintiff and Defendants execute this Release and Settlement Agreement and hereby agrees as follows:

1. **Defendant's Obligations**. In consideration of Plaintiff's release of the claims contained in Plaintiff's complaint and any other claims, known or unknown, that Plaintiff may have against either or both Defendants, Defendants will pay the gross amount of $37,500.00 to Plaintiff, delivered as two checks to Plaintiff's counsel at the address in this Agreement's signature block, with one check being in the amount of $22,500 made payable to "Phillip Jackson," and with the second check for the remainder made payable to "Radford Scott, LLP." The payment will be due within thirty (30) days of judicial approval of this agreement. This settlement amount does not represent any back pay owed by Defendant to Plaintiff.

2. **Plaintiff's Obligations.** Plaintiff agrees that in connection with this agreement, he will file a voluntary dismissal with prejudice of this matter, Phillip Jackson v. Garnett Johnson and Modern Business Workplace Solutions, U.S. District Court for the Southern District of Georgia

Case Number 1:23-CV-74-JRH-BKE, within two (2) weeks of receipt of payment of the settlement proceeds described in Paragraph 1. Plaintiff hereby acknowledges that the agreement to voluntary dismiss the above referenced matter is material to Defendants' decision to resolve and settle the subject matter of this Release and Settlement Agreement.

3. **Release and Discharge by Plaintiff.** Upon payment of consideration, Plaintiff agrees to individually and on behalf of his successors, heirs, assigns, executors, personal representatives, administrators, and all persons and entities who might claim through them, to fully and forever release, acquit, and discharge Defendants, their predecessors, successors, parents, subsidiaries, affiliates, divisions, assigns, joint ventures, current and former employees, current and former officers, current and former directors, current and former shareholders, current and former representatives, current and former attorneys, current and former agents and any present or former benefit plans, from any and all claims, demands, contracts, agreements, promises, accountings, causes of action, suits, liabilities, rights, objections, obligations, injuries, damages, losses, judgments, costs, expenses, and controversies whatsoever, whether individual, class derivative, legal, equitable, or otherwise, fixed or contingent, joint or several, known or unknown, actual or potential, foreseen or unforeseen, suspected or unsuspected, of any nature whatsoever, that Plaintiff may have had, may now have, or may hereafter have (whether through operation of law, assignment or subrogation), against the Releasees based in whole or in part upon any act or omission arising out of or related to his employment with Defendants, through and including the date of this Agreement without regard to Plaintiff's present actual knowledge of their existence or possible existence.

This Release includes, but is not limited to, claims that were or could or should have been asserted in the pending litigation, or claims arising under federal, state, or local laws prohibiting

discrimination on any basis including but not limited to the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Rehabilitation Act of 1973, as amended, the Age Discrimination in Employment Act of 1967, as amended, the Equal Pay Act, the Americans with Disabilities Act of 1990, as amended, and the Employee Retirement Income Security Act of 1974, as amended.

Plaintiff hereby further agrees to indemnify and hold Defendants harmless from any and all costs and expenses, including but not limited to, any tax liabilities, penalties, interest or attorneys' fees which may arise from any claim against Defendants for failing to withhold, or underwithholding, taxes from the above-stated sum, as a result of this disbursement.

Plaintiff hereby further covenants and agrees that he will forever refrain and forebear from directly or indirectly, on his own behalf, derivatively, or on behalf of a class, commencing, instituting, or prosecuting any lawsuit, action or other proceedings against the Releasees, based on, arising out of, or connected with any of the claims in the pending litigation.

Plaintiff understands and agrees that the claims in the pending litigation are intended to and do include any and all claims of every nature and kind whatsoever (whether known, unknown, suspected or unsuspected) which he has or may have against the Releasees, individually or collectively, arising prior to his execution of this Agreement. Plaintiff further acknowledges that he may hereafter discover facts different from or in addition to those which he now knows or believes to be true with respect to the claims in the pending litigation and agrees that, in such event, this Agreement shall nevertheless be and remain effective in all respects, notwithstanding such different or additional facts, or the discovery thereof.

Plaintiff hereby covenants and agrees that he shall not voluntarily and knowingly cooperate with or assist any other person or entity in any fashion, directly or indirectly, in pursuing any civil claim against any of the Defendants or Releasees, including formal and informal demands or

threats to initiate lawsuits or proceedings of any nature, or any commenced lawsuits or proceedings of any nature, except as required by the National Labor Relations Act's guarantee of employees' rights to engage in mutual aid and protection or with the prior written consent of the Defendants and Releasees against whom the claim is pursued. Nothing in this Agreement shall prevent or is intended to prevent Plaintiff from obeying or responding to any court order or decree or any subpoena directed to him by any law enforcement agency, administrative agency, grand jury or any other governmental investigative body or from otherwise complying with the law. Nothing contained in this Agreement shall prohibit Plaintiff from providing truthful testimony about any of the Defendants and Releasees or any of the claims in the pending litigation in any proceeding in which he is compelled to do so by court order, subpoena or other legal proceeding.

4. **Generality of Release**. Plaintiff acknowledges and agrees that this is a general release, and expressly waives and assumes the risk of any and all claims as set forth above which exist as of this date but which he does not know of, or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect the decision to enter into this agreement. The Plaintiff further agrees that he has accepted the terms of this agreement as a complete, final, and full compromise of matters involving disputed issues of law and fact, and that he fully assumes the risk that the facts or law may be otherwise than he now believes.

5. **Warranty of Capacity to Execute Agreement**. The Plaintiff, by his signature, represents and warrants that he is of legal age; that he is suffering under no mental disability; that he is not under the influence of any drugs or other substances which would affect judgment, reason, or understanding; and that he has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this agreement.

6. **Disclaimer of Liability**. The Plaintiff agrees and acknowledges that he accepts the consideration specified in this agreement as a full and complete compromise of matters involving disputed issues. All parties agree that there is no admission of liability by either or both Defendants and that this settlement does not constitute an admission of liability by either or both Defendants.

7. **Entire Agreement and Successors-In-Interest.** This agreement contains the entire agreement between the parties hereto and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each. All agreements and understandings between the parties hereto are embodied and expressed herein; the terms of this agreement are contractual and not mere recitals; and no modification of this agreement shall be effective.

8. **Venue and Construction by Georgia Law and U.S. Law**. The parties consent to the exclusive jurisdiction and venue of the United States District Court for the Southern District of Georgia, Chief Judge J. Randal Hall, to resolve any disputes under this Agreement, and to enforce any of the terms of this Agreement. If Judge Hall is no longer serving in his capacity as a District Judge, the parties hereby agree and consent to the substitution of another Judge within the United States District Court for the Southern District of Georgia. This agreement is entered into in the State of Georgia and shall be construed, interpreted, and enforced in accordance with its law and the law of the United States.

9. **Representation of Comprehension of Document**. In entering into this agreement, the Plaintiff represents that the terms of this Release have been completely read by him. The Plaintiff further represents that the terms of this release are fully understood and voluntarily accepted by him.

10. **Captions.** The captions preceding the paragraphs of this Release are for reference purposes only and shall not be construed to limit, modify, or expand the actual provisions contained in this agreement.

11. **Recitals**. The Recitals in this agreement are true and correct and are, by this reference, made a part of this agreement.

12. **Confidentiality**. The parties acknowledge and agree that the terms of and conditions of this Agreement, specifically including the amount being paid hereunder, are confidential and hereby covenant and agree not to discuss or in any fashion disclose the terms or conditions of this Agreement or the substance of negotiations leading up to the execution hereof, except as otherwise permitted herein. The parties understand and agree that violation of this paragraph of this Agreement shall constitute a breach hereof. The parties further agree that violation of this paragraph shall be addressed by an expedited, non-jury proceeding before the Court as set forth in the Order of Dismissal with Prejudice. Disclosure of the terms and conditions of this Agreement shall be permitted as follows:

(a) If asked about the pending litigation, the parties may state that the matter is concluded;

(b) Plaintiff may disclose the existence of this Agreement to his immediate family and to the extent required to prepare, file and defend his tax returns. Plaintiff shall instruct all such family members, accountants, and attorneys to whom they disclose information pursuant to this sub-paragraph that the disclosed information is confidential and that they are not to disclose any such information to any persons except to prepare, file and defend their tax returns;

(c) Plaintiff may disclose the existence of this Agreement to the extent required by Court order. In the event that Plaintiff is served with legal process that may require him to provide

any information concerning the released claims or the terms of this Release and Settlement Agreement or in the event of a request for interview from a governmental authority concerning the released claims or the terms of this Release and Settlement Agreement, Plaintiff shall first give actual prior notice of such legal process to the following:

Daniel W. Hamilton
Plunkett Hamilton Manton & Graves, LLP
429 Walker Street, Upper Level
Augusta, Georgia 30901

Additionally, if served with such legal process, Plaintiff shall take necessary affirmative steps to protect against disclosure, including serving an objection with the appropriate court or upon the party which has propounded such legal process if necessary to maintain the status quo, prior to giving actual prior notice as set forth above. Plaintiff shall cooperate with Defendants and Releasees to protect the non-disclosure provisions of this Agreement and shall do nothing inconsistent with Defendants' and Releasees' right to intervene with respect to any such attempted legal process to protect the non-disclosure provisions of this Agreement. The parties' intent with respect to this provision is that Plaintiff not be required to incur legal fees in objecting to such legal process, if necessary to maintain the status quo, and if circumstances necessitate that Plaintiff incur such legal expenses in so objecting to such legal process, Defendants and Releasees will reimburse Plaintiff the legal expenses reasonably incurred in doing so.

If, after receipt of such actual notice, Defendants and Releasees chooses not to intervene and take affirmative steps to prohibit disclosure of information concerning the released claims or the terms of this Release and Settlement Agreement, any disclosure by Plaintiff in response to such legal process will be deemed not to violate the non-disclosure provision set forth in this Paragraph.

(d) Defendants and Releasees may disclose the existence of this Agreement to the extent required to prepare, file and defend its tax returns. Defendants and Releasees shall instruct

all accountants, attorneys, and agents to whom it discloses information pursuant to this sub-paragraph that the disclosed information is confidential and that they are not to disclose any such information to any persons except to prepare, file and defend Defendants' and Releasees' returns;

(e)   Defendants and Releasees may further disclose this Agreement to its agents, parent(s), affiliates, subsidiaries, and joint ventures, their successors and assigns, including current employees of said entities, to the extent Defendants and Releasees determines to be reasonable, including for the purpose of effectuating the terms of this Agreement;

(f)   Defendants and Releasees may further disclose this Agreement to the extent required in any public filing; and

(g)   Either party may make such other disclosures as are consented to in writing by the other party.

13.   **Non-Disparagement**.  Neither Plaintiff nor either or both Defendants shall, directly or indirectly, make any oral or written statement about the other party which is intended or reasonably likely to disparage the other party, or otherwise degrade the other party's reputation. If Defendants receive any requests for reference, Defendants will confirm only Plaintiff's dates of employment and job title.

14.   **Counterparts**.  This Agreement may be executed in multiple, identical counterparts, each of which when fully executed shall be deemed an original; but, in making proof of this Agreement, it shall not be necessary to produce or account for more than one such counterpart.

15.   **Use in Evidence**:  Except as it relates to the Pending Litigation, drafts of this Agreement any other aspects of the settlement generally, including the fact of settlement, are inadmissible in evidence, will not be used for any purpose other than settlement negotiations, and

will not be disclosed, provided, or offered for any purpose in any court or other proceedings, except as required by court order.

16. **Understanding**: Plaintiff acknowledges and represents that he has read this Agreement in full and that they have relied upon the advice of his attorneys, who are the attorneys of their own choice, concerning the legal and income tax consequences of this Release and Settlement Agreement; that the terms of this Release and Settlement Agreement, which is the full and final agreement between the parties, have been completely read and explained by these attorneys; and that the terms of this Release and Settlement Agreement are fully understood and accepted by Plaintiff. Plaintiff and his counsel have revised this Agreement, and, accordingly, any rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed in any interpretation of this Agreement.

17. **Assignment**: Plaintiff hereby represents and warrants that he has not heretofore assigned, transferred, or hypothecated or purported to assign, transfer or hypothecate to any person or entity not a signatory of this Agreement any claim or matter herein released, disclaimed, discharge or terminated. In the event of such assignment, transfer, or hypothecation of any claim or other matter herein released, discharged, terminated or disclaimed, Plaintiff agrees to indemnify and hold Defendants and Releasees harmless from and against any liability or loss, and for any cost, expense or judgment or settlement arising out of a revocation by, or arising in connection with any benefit of and be binding on any successor in interest of Defendants and Releasees, whether by merger, consolidation, transfer of all or substantially all of Defendants' and Releasees' assets, or otherwise.

18. **Liens**: Plaintiff warrants and represents that there are no liens or claims for any funeral expenses, hospital expenses, medical expenses, physician expense, other health care providers' expenses, attorneys' fees, costs or expenses or any other lien or claim of any kind or

character asserted or which could be asserted against the payments made pursuant hereto or against the released parties. Furthermore, should any such claims ever be asserted, Plaintiff will be responsible for satisfying such claims. Without limiting the foregoing, to the extent any such liens or claims may be asserted against any of the released parties, Plaintiff shall defend and indemnify and hold harmless any party hereby released therefrom and from all attorneys' fees reasonably incurred in the defense of any such claim.

19. **Waiver**: The waiver by any party to this Agreement of a breach of any of the provisions of this Agreement shall not operate or be construed as a waiver of any subsequent or simultaneous breach.

**THIS IS A RELEASE! READ BEFORE SIGNING!**

**SIGNATURES:**

**PLAINTIFF:**

Phillip Jackson (Jan 24, 2024 18:29 EST)

**Phillip Jackson,**
**Plaintiff**

01/24/24
**Date**

**Jake Knanishu**
**Radford Scott, LLP**
**Attorney for Plaintiff**
**315 W. Ponce de Leon Avenue, Suite 1080**
**Decatur, Georgia 30030**
**Telephone: 678-271-0307**
**jknanishu@radfordscott.com**

January 25, 2024
**Date**

**DEFENDANTS:**

**Modern Business Workplace Solutions:**

Joni Seals Johnson

**By:**

Owner

**(Printed Name)**

January 22, 2024
**Date**

**As its:**

Owner
**(Title)**

**Garnett Johnson,**
**Defendant**

1/22/2024
**Date**

**Daniel W. Hamilton**
**Plunkett Hamilton Manton & Graves, LLP**
**Attorney for Defendants**
**429 Walker Street, Upper Level**
**Augusta, Georgia, 30901**
**Georgia Bar No. 320855**
**Telephone: 706-722-6200**
**E-mail: dhamilton@phmglaw.com**

1/22/2024
**Date**

# Signed Release and Settlement Agreement

Final Audit Report 2024-01-24

| | |
|---|---|
| Created: | 2024-01-23 |
| By: | Jake Knanishu (jake@decaturlegal.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAATJdF-KpQ40XyhCNu9_8-5_actYnKgoRn |

## "Signed Release and Settlement Agreement" History

Document created by Jake Knanishu (jake@decaturlegal.com)
2024-01-23 - 10:34:16 PM GMT

Document emailed to Phillip Jackson (philjj004@gmail.com) for signature
2024-01-23 - 10:34:20 PM GMT

Email viewed by Phillip Jackson (philjj004@gmail.com)
2024-01-24 - 11:26:06 PM GMT

Document e-signed by Phillip Jackson (philjj004@gmail.com)
Signature Date: 2024-01-24 - 11:29:28 PM GMT - Time Source: server

Agreement completed.
2024-01-24 - 11:29:28 PM GMT