IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| PHILLIP JACKSON, | * |
| Plaintiff, | * |
| v. | * CV 123-074 |
| GARNETT JOHNSON and MODERN BUSINESS WORKPLACE SOLUTIONS, LLC, | * |
| Defendants. | * |

### ORDER

Before the Court is the Parties' joint motion for settlement approval. (Doc. 14.) Plaintiff asserts claims against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as amended, seeking unpaid overtime wages, prejudgment interest, liquidated damages, attorney's fees, and litigation expenses. (Doc. 1, at 1, 11.) Pursuant to Eleventh Circuit precedent and the FLSA, the Court is required to scrutinize the proposed settlement agreement for fairness before approving it and entering judgment. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). For the following reasons, the Parties' motion is **DENIED**.

## I. DISCUSSION

Congress enacted the FLSA to protect workers from oppressive working hours and substandard wages. Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981). Because workers and employers often possess unequal bargaining power, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement falling below the FLSA's minimum employee protections. Barrentine, 450 U.S. at 740. Accordingly, FLSA provisions are not subject to bargaining, waiver, or modification either by contract or settlement, except for two narrow exceptions. Lynn's Food Stores, 679 F.2d at 1352-53.

The first exception involves actions taken by the Secretary of Labor and, therefore, is inapplicable to the proposed settlement in this case. See id. at 1353. The second exception, which applies here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b). Id. In such an instance, the parties must present the proposed settlement to the court, and the court may approve it "after scrutinizing the settlement for fairness." Id. (citation omitted). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of

2

back wages, that are actually in dispute[,]" then the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. The settlement can cover unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and costs of the action. 29 U.S.C. § 216(b).

A. Bona Fide Dispute

Before accepting the proposed settlement, the Court must determine whether a true conflict exists. A true conflict requires a bona fide dispute over FLSA provisions. Lynn's Food Stores, 679 F.2d at 1354-55. Initiation of "a suit brought by employees under the FLSA for back wages . . . provides some assurance of an adversarial context." Id. at 1354; see Barnes v. Ferrell Elec., Inc., No. CV 113-056, 2013 WL 5651903, at *1 (S.D. Ga. Oct. 16, 2013) ("Plaintiff filed suit and is represented by counsel, which provides some indication that a true conflict exists between Plaintiff and her employer.").

Plaintiff filed suit and is represented by counsel, which indicates a true conflict exists. Furthermore, the Parties represent they dispute the damages and liability arising out of

3

Plaintiff's claims. (Doc. 14, at 2.) Therefore, the Court finds the presence of a bona fide dispute and turns to the fairness and reasonableness of the settlement amount.

## B. Fairness and Reasonableness of Settlement Amount

"[W]here a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim . . . ." Gerena v. Cato Env't Servs., Inc., No. 6:07-CV-1540, 2009 WL 975537, at *2 (M.D. Fla. Apr. 9, 2009). Ordinarily, the Court considers several factors in determining whether an FLSA settlement is fair and reasonable, such as:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Hirsch v. Mister Sparky, Inc., No. 1:09-CV-2897, 2010 WL 11603091, at *2 (N.D. Ga. Oct. 19, 2010) (citations omitted). Here, however, the Parties have not provided enough information for the Court to scrutinize the proposed settlement amount completely.

For starters, the Parties provided no details on how they arrived at the settlement amount. (See Doc. 14.) In his complaint, Plaintiff alleges Defendants violated the FLSA by failing to pay him wages, failing to pay him an overtime premium, and terminating his employment in retaliation for his objection to their failure to pay him overtime. (Doc. 1, ¶¶ 1, 38-47.) He

4

also alleges from June 13, 2021 to July 5, 2021, he typically worked twelve hours per day and was not compensated for 229.5 hours of work. (Id. ¶¶ 14-16.) But neither the complaint, the Parties' joint motion for settlement approval, nor the settlement itself mentions Plaintiff's hourly wage or otherwise values Plaintiff's claims. (See Docs. 1, 14, 14-1.) The Parties merely state Defendants agree to pay Plaintiff $37,500.00, "inclusive of attorneys' fees, costs, and expenses, in consideration of Plaintiff's FLSA claims and other claims Plaintiff could have asserted against Defendants." (Doc. 14, at 2.) But without knowing the original value of Plaintiff's claims, the Court cannot determine whether the settlement amount is fair and reasonable. See Nichols v. Dollar Tree Stores, Inc., No. 1:13-CV-88, 2013 WL 5933991, at *2 (M.D. Ga. Nov. 1, 2013) (denying an FLSA settlement when the parties did not provide the court sufficient information to "determine whether [p]laintiff's claims [were] being paid in full or [whether] [p]laintiff ha[d] compromised the amounts of his claim"); Cantrell v. Bryan Cnty. Bd. of Educ., No. CV415-169, 2015 WL 10057707, at *2 (S.D. Ga. Dec. 21, 2015) (denying a settlement agreement for $3,500 that lacked specificity and provided "no information concerning the amount of settlement proceeds attributable to [p]laintiff's decision to compromise the FLSA claim").

5

Moreover, "[i]f the settlement does not include both back wages and liquidated damages, the parties must explain why it does not." Eigenberger v. Tokyo Statesboro GA, LLC, No. CV 617-160, 2018 WL 4677873, at *2 (S.D. Ga. July 2, 2018) (citation omitted). Although the proposed settlement agreement provides the "settlement amount does not represent any back pay owed by Defendant[s] to Plaintiff," it does not explain why this is the case. (Doc. 14-1, at 3.) For these reasons, the Court cannot determine whether the settlement amount is fair and reasonable.

## C. Attorneys' Fees

When a plaintiff settles for less than a full recovery, costs or fees paid to plaintiff's counsel are improper unless they are fair and reasonable. See Silva v. Miller, 307 F. App'x 349, 350-51 (11th Cir. 2009). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Id. at 351.

The district court determines what fee is reasonable by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product of this formula is the "lodestar." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). "A reasonable hourly rate is the prevailing market rate in

6

the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Generally, the "relevant legal community" is that of the place where the case is filed. See Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the relevant legal market for this Court is the Augusta legal market, where the reasonable rate for more experienced attorneys is $375/hour, for other attorneys is $300/hour, and for paralegals is $100/hour. See Kirkland v. QLS Enters., LLC, No. CV 121-133, 2022 WL 988003, at *2 (S.D. Ga. Mar. 31, 2022) (explaining that a partner with 38-years' experience could warrant an hourly rate of $375.00 as an "experienced attorney" (citing Whitesell Corp. v. Electrolux Home Prods., Inc., No. CV 103-050, 2019 WL 1714135, at *4 (S.D. Ga. Apr. 17, 2019))).

The proposed settlement agreement represents Defendants will pay attorneys' fees of $15,000.00. (Doc. 14-1, at 3.) However, it provides no calculation of these costs and fees. See Lynch v. Equity Auto Loan, LLC, No. CV410-058, 2011 WL 13284447, at *1 (S.D. Ga. Feb. 7, 2011) ("The Court cannot fulfill its duty of inquiry with absolutely no documentation as to how attorney's fees were computed."). The Parties must show the Court that $15,000.00 is a reasonable attorneys' fee. See Norman v. BPR Brampton LLC, No. 6:20-cv-95, 2021 WL 2877601, at *5 (S.D. Ga. July 8, 2021)

7

(explaining the Court's duty "requires the Court not only to determine that the hourly rate at which [p]laintiff's counsel and his paralegals are seeking to be reimbursed is appropriate, but also that the time for which they seek to be reimbursed is, indeed, reimbursable under the FLSA" (citation omitted)). Although the settlement amount and attorneys' fees may in fact be fair and reasonable, the Court does not have enough information to make that determination at this time.

D. Release Provision

Furthermore, the Court cannot approve the proposed settlement agreement because of its overly broad release provision. "Although inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use a[n] FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." Webb v. CVS Caremark Corp., No. 5:11-CV-106, 2011 WL 6743284, at *3 (M.D. Ga. Dec. 23, 2011) (quoting Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)). "[A] pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." Moreno, 729 F. Supp. 2d at 1352. This Court has previously ruled that settlement agreements which preclude suit on non-FLSA related claims are too pervasive to be fair and reasonable. See Melvin v. People Sales & Profit Co., No. CV 214-012, 2015 WL 13648559, at *1

8

(S.D. Ga. Jan. 23, 2015); see also Cantrell, 2015 WL 10057707, at *2. The release clause in the proposed settlement agreement provides:

> Upon payment of consideration, Plaintiff agrees . . . to fully and forever release, acquit, and discharge Defendants . . . from any and all claims, demands, contracts, agreements, promises, accountings, causes of action, suits, liabilities, rights, objections, obligations, injuries, damages, losses, judgments, costs, expenses, and controversies whatsoever, whether individual, class derivative, legal, equitable, or otherwise, fixed or contingent, joint or several, known or unknown, actual or potential, foreseen or unforeseen, suspected or unsuspected, of any nature whatsoever, that Plaintiff may have had, may now have, or may hereafter have . . . against [Defendants] based in whole or in part upon any act or omission arising out of or related to his employment with Defendants, through and including the date of this Agreement without regard to Plaintiff's present actual knowledge of their existence or possible existence.

(Doc. 14-1, at 4.) The release provision further provides it "includes, but is not limited to, claims that were or could or should have been asserted in the pending litigation [and] claims arising under federal, state, or local laws prohibiting discrimination on any basis." (Id. at 4-5.) Because this provision releases Defendants from non-FLSA claims, it is impermissibly pervasive. See Melvin, 2015 WL 13648559, at *1 (finding a settlement agreement that would release defendant "not only from FLSA claims, but also from 'all possible claims,'" too pervasive); Cantrell, 2015 WL 10057707, at *2 (determining a settlement agreement that would require plaintiffs to "release,

9

settle and extinguish forever all claims which were asserted or which could have been asserted, whether known or unknown, accrued or unaccrued as of the date of this Release" was unacceptably pervasive). To the extent any future proposed settlement agreement has a release that contains claims unconnected to the FLSA, the Court will not approve it and instructs the Parties to be wary of this District's prior decisions when reviewing the language of the proposed release.

### E. Confidentiality and Non-Disparagement Provisions

Finally, the proposed settlement agreement contains a confidentiality provision. (Doc. 14-1, at 8-10.) Because "[a] confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of the FLSA rights . . . [t]he district court should reject as unreasonable a compromise that contains a confidentiality provision." Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010). Accordingly, the Court cannot approve the proposed settlement agreement so long as it contains a confidentiality provision.

Moreover, "[p]rovisions in a[n] FLSA settlement agreement that . . . prohibit[] disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." BPR Brampton, 2021 WL 2877601, at *2 (quoting Housen

10

v. Econosweep & Maint. Servs., Inc., No. 3:12-cv-461, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013)). The proposed settlement agreement provides:

> Neither Plaintiff nor either or both Defendants shall, directly or indirectly, make any oral or written statement about the other party which is intended or reasonably likely to disparage the other party, or otherwise degrade the other party's reputation.

(Doc. 14-1, at 10.) This provision runs afoul of FLSA policy, and the Court will not approve it. If the Parties submit a revised settlement agreement, any non-disparagement clause should be narrowly tailored to avoid infringing on Plaintiff's right to speak truthfully about this case or any potential settlement, which would be a matter of public record.

## II. CONCLUSION

For the foregoing reasons, the Parties' joint motion for settlement approval (Doc. 14) is **DENIED**. Within **FOURTEEN (14) DAYS** of the date of this Order, the Parties may file on the public docket a revised motion for approval of their settlement agreement with an amended agreement appended that addresses the issues discussed herein. If the Parties do not move for approval of their revised settlement agreement within **FOURTEEN (14) DAYS**, the Court **DIRECTS** the Parties to submit a status report setting forth the status of settlement discussions.

ORDER ENTERED at Augusta, Georgia, this 26th day of April, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA