IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| Phillip JACKSON, | ) |
|    Plaintiff, | ) Civil Action No. |
| v. | ) 1:23-CV-74-JRH-BKE |
| Garnett JOHNSON, and Modern Business Workplace Solutions, LLC, | ) |
|    Defendants. | ) |

**SECOND JOINT MOTION TO APPROVE
SETTLEMENT AND DISMISS WITH PREJUDICE**

Defendants Garnett Johnson and Modern Business Workplace Solutions, LLC ("MBS"), and Plaintiff Phillip Jackson ("Mr. Jackson") (together, "the Parties"), by and through their undersigned counsel, hereby stipulate that the above-captioned matter has been settled and jointly request that the Court approve the Parties' FLSA Settlement Agreement, attached hereto as Exhibit 1. Because Mr. Jackson asserts claims under the Fair Labor Standards Act of 1938, 20 U.S.C. §§ 201 *et seq.* (the "FLSA"), the Parties' settlement requires approval by this Court. A proposed Order is attached as Exhibit 2.

**I.   FACTUAL BACKGROUND**

On June 8, 2023, Plaintiff filed his Complaint (Dkt. 1), alleging Defendants violated the FLSA by failing to pay overtime wages to Plaintiff and retaliating against him for his complaints regarding same. Plaintiff's Complaint alleges a claim

for unpaid overtime wages, liquidated damages, damages for Defendants' alleged retaliation, interest, attorneys' fees, and costs. *Id.*

Defendants denied and continue to deny that Plaintiff is entitled to any relief as a matter of law for any of his claims, (Dkt. 7), but after lengthy negotiations, the Parties have agreed to a settlement of Plaintiff's claims. On December 12, 2023, the Parties mediated this dispute, with the Honorable Judge Brian K. Epps serving as mediator. (Dkt. 12). At the mediation, the Parties reached an agreement to settle this matter amicably, avoiding the cost and time of litigating the issues, as well as the risks associated with continued litigation. *See* Exhibit 1. Specifically, the Parties agreed to settle Mr. Jackson's claims for a total of $37,500, $15,000 of which is to be paid to Plaintiff's counsel.

The Parties jointly agree that the terms of their settlement, memorialized in their entirety in Exhibit 1, are appropriate in light of all of the facts and legal standards applicable in this case, and both the costs of protracted litigation and the risk of each side winning or losing were taken into account in the Parties agreeing upon the resolution memorialized in their Settlement Agreement. The Parties further believe there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to evaluate the Parties' claims and defenses and make recommendations to reach a fair and reasonable resolution of this matter. The terms of the agreement in Exhibit 1 are the product of the Parties' arm's-length

negotiations, and the Parties state and agree that these terms represent a reasonable compromise of the disputed factual and legal issues in this case.

The Parties previously moved for approval of the settlement, and the Court denied the Parties' motion for several reasons. (Dkts. 14, 15). The Parties believe they have resolved the issues identified by the Court for the reasons set forth below.

## II.   ARGUMENT

### A.   Standard of Review

Judicial review and approval of an FLSA settlement provide final and binding effect. As the Eleventh Circuit has explained:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Thus, pursuant to *Lynn's Food*, the Court should review the Parties' Settlement Agreement to determine if it is "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."

*Id*. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

1. the existence of fraud or collusion behind the settlement;
2. the complexity, expense, and likely duration of the litigation;
3. the stage of the proceedings and the amount of discovery completed;
4. the probability of plaintiff's success on the merits;
5. the range of possible recovery; and
6. the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2–3 (M.D. Fla. Jan. 8, 2007). There is a strong presumption in favor of finding a settlement fair, *Hamilton*, 2007 U.S. Dist. LEXIS, at *4, and courts have found no fraud or collusion where the parties were represented by counsel and the amount to be paid to the plaintiff seemed fair on its face. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11–12 (M.D. Fla. Dec. 21, 2006).

### B. Court Approval is Warranted

In this case, the Court found a *bona fide* dispute in its previous ruling. (Dkt. 15 at 3-4). The Court asked for more information from the Parties regarding the reasonableness of the settlement amount and the reasonableness of the amount designated for attorneys' fees. *Id.* at 4-8. The Court also found the settlement agreement's release provision overbroad and found the agreement's confidentiality and non-disparagement provisions to be contrary to law. *Id.* at 8-11.

Regarding the latter two of these issues, the Parties have amended the settlement agreement to narrow the release provision, remove the non-disparagement provision, and remove the confidentiality provision. *See* Exhibit 1.

Regarding the first issue, Mr. Jackson is claiming 229.5 hours of unpaid overtime. (Dkt. 1 at ¶ 16). *See also* Exhibit 3 (Declaration of Jake Knanishu) at ¶ 4. During his employment, the Parties agree Mr. Jackson's regular hourly rate of pay was eighteen dollars ($18) per hour. Exhibit 3 at ¶ 3. Mr. Jackson's actual claimed damages, at the FLSA's minimum overtime premium of one and one-half times the regular rate of pay, are therefore $6,196.50. *Id.* at ¶ 4. Mr. Jackson also claims an equal amount of liquidated damages, resulting in a total of $12,393.00 in damages arising out of his claim for unpaid overtime. *Id.* at ¶ 5. As such, the settlement agreement, which designates $22,500 to Mr. Jackson for a release of both his FLSA claims, Exhibit 1, provides him the full value of his claimed overtime and liquidated damages, plus $10,107.00 in consideration for his claim for retaliation.

Regarding the second issue the Court identified, Plaintiff's counsel expended a total of forty-five and six tenths (45.6) hours over the course of this dispute, through and including the filing of the original motion for approval of the settlement. Exhibit 3, Attachment A; Exhibit 4 (Declaration of Daniel Werner), Attachment A. At a high level, three and four tenths (3.4) hours were spent on preliminary settlement efforts, not including Plaintiff's counsel's initial investigation of

Plaintiff's claims, from February 16, 2023, through April 11, 2023, *id.*; twelve and one half (12.5) hours were spent on researching, drafting, and serving the initial pleadings, as well as Plaintiff's counsel's admission *pro hac vice* and review of Defendants' Answer, from April 14, 2023, through August 18, 2023, *id.*; sixteen (16) hours were spent on preliminary discovery, setting the case for mediation, and preparing for mediation, from August 21, 2023, through December 11, 2023, *id.*; nine and three tenths (9.3) hours were spent on the mediation itself, on December 12, 2023, *id.*; and four and four tenths (4.4) hours were spent executing the settlement agreement and filing the previous motion for approval, from December 28, 2023, through January 30, 2024. *Id.*

Two and one half (2.5) of these hours were performed by attorney Daniel Werner. Exhibit 4, Attachment A. Mr. Werner's extensive qualifications are set forth in more detail in his declaration, *see generally* Exhibit 4, and he has been approved at a rate of $525/hour in FLSA litigation in this district previously, *id.* at ¶ 17, and more recently in other districts at a rate of $600/hour. *Id.* at ¶¶ 18, 20. The balance (43.1 hours) were performed by attorney Jake Knanishu. Exhibit 3, Attachment A. Mr. Knanishu typically charges a rate of three hundred fifteen dollars ($315) per hour for FLSA work, *id.* at ¶ 12, which is only five percent (5%) greater than the reasonable rate for attorneys of his experience in the Augusta market in 2022. *Id.* at ¶¶ 10-12. At these rates and hours worked, Plaintiff's total actual attorneys' fees

amount to $15,076.50 through January 30, 2024. Exhibit 3, Attachment A; Exhibit 4, Attachment A.

As such, the Parties agree that the settlement agreement's designation of $15,000 as attorneys' fees is reasonable in this case, which presents claims for both unpaid overtime and retaliation. The $15,000 is less than Plaintiff's total actual attorneys' fees incurred through the filing of the first joint motion to approve the settlement, particularly given the fees incurred after January 30, 2024.

### III. CONCLUSION

For these reasons and the others set forth in the Parties' first joint motion to approve the settlement, the Parties respectfully submit that the settlement they have reached is consistent with the intent and purpose of the FLSA and the legal requirements of *Lynn's Food Stores, Inc.* This case presents a *bona fide* dispute, the settlement is the consequence of an arm's-length mediation conducted by a Magistrate Judge, and the settlement agreement, as amended, is substantively fair to Mr. Jackson.

The Parties therefore respectfully request that the Court grant this Joint Motion for Approval of the Settlement, enter the Proposed Order submitted herewith dismissing this action with prejudice, and retain jurisdiction over this case to enforce the Parties' Settlement Agreement.

Respectfully submitted this 23rd day of May 2024.

| | |
|---|---|
| */s/ Daniel W. Hamilton\** <br> Daniel W. Hamilton <br> Georgia Bar No. 320855 <br> */s/ Jason R. Graves* <br> Jason R. Graves <br> Georgia Bar No. 530049 <br> Plunkett Hamilton Manton & Graves, LLP <br> 429 Walker Street, Upper Level <br> Augusta, Georgia 30901 <br> Telephone: (706) 722-6200 <br> dhamilton@phmglaw.com <br> jgraves@phmglaw.com <br><br> *Counsel for Defendants* <br><br> *\*With express permission* | */s/ Jake Knanishu* <br> Jake Knanishu <br> Georgia Bar No. 597103 <br> */s/ Zachary Panter* <br> Zachary Panter <br> Georgia Bar No. 822012 <br> Radford Scott, LLP <br> 315 W. Ponce de Leon Ave. <br> Suite 1080 <br> Decatur, Georgia 30030 <br> T: (678) 271-0300 <br> F: (678) 271-0311 <br> jknanishu@radfordscott.com <br> zpanter@radfordscott.com <br><br> *Counsel for Plaintiff* |

## Certificate of Service

      I certify that on May 23, 2024, I filed the foregoing document using the Court's electronic filing system, which will send email notification of such filing to all counsel of record in this matter.

                                                */s/ Jake Knanishu*
                                                Jake Knanishu
                                                Georgia Bar No. 597103