# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| PHILLIP JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| GARNETT JOHNSON, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:23-CV-74-JRH-BKE |
| First Defendant, | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| MODERN BUSINESS WORKPLACE | ) | |
| SOLUTIONS, LLC, | ) | |
| | ) | |
| Second Defendant. | ) | |

## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement is made and entered into by Phillip Jackson, (hereinafter "Plaintiff") and Garnett Johnson and Modern Business Workplace Solutions, LLC (hereinafter "Defendants").

## RECITALS

**WHEREAS,** Plaintiff was previously employed by Defendant Modern Business Workplace Solutions ("MBWS") from April 20, 2021 until May 19, 2022 as an installer;

**WHEREAS,** Plaintiff alleges that he was not compensated for overtime pay as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA") during certain periods of his employment with MBWS and that he is entitled to prejudgment interest, liquidated damages, damages based on his retaliation claim, attorney's fees, and litigation expenses pursuant to the FLSA;

1

**WHEREAS**, Plaintiff and Defendants maintain that a bona fide dispute exists regarding whether Defendants owe alleged overtime pay for hours worked by Plaintiff;

**WHEREAS**, the parties agreed to mediate the claims involved in this case and subsequently mediated this case on December 12, 2023;

**WHEREAS**, the parties reached a settlement of all claims in this case at mediation, memorialized the essential terms of the settlement on a Settlement Term Sheet submitted to the Court on December 12, 2023, and, in accordance with the settlement, agreed to more fully set forth the terms of the settlement in this Release and Settlement Agreement; and

**WHEREAS**, Plaintiff and Defendants wish to compromise and settle all claims related to the referenced dispute as follows.

**NOW, THEREFORE**, in order to effect a full, final, and complete settlement and satisfaction of any claims that the Plaintiff may have arising under the FLSA against Defendants and Defendants and Defendant's agents, officers, directors, owners, and employees (hereinafter, "Releasees,") Plaintiff and Defendants execute this Release and Settlement Agreement and hereby agrees as follows:

1.    **Defendant's Obligations**.   In consideration of Plaintiff's release of the claims contained in Plaintiff's complaint that Plaintiff may have against either or both Defendants, Defendants will pay the gross amount of $37,500.00 to Plaintiff, delivered as three checks to Plaintiff's counsel at the address in this Agreement's signature block, with one check being in the amount of $6,196.50 less applicable federal and state withholdings, made payable to "Phillip Jackson," and designated and reported to the appropriate federal and state tax authorities as W-2 wages. The second check will be in the amount of $16,303.50, made payable to "Phillip Jackson," designated as compensatory and liquidated damages, and for which Defendant will issue Plaintiff

2

a Form 1099. The third check will be in the amount of $15,000, made payable to "Radford Scott LLP," and for which Defendant will issue Plaintiff's counsel a Form 1099. The payment will be due within thirty (30) days of judicial approval of this agreement. Defendant's payment to Plaintiff is comprised of payment of overtime pay owed to Plaintiff, liquidated damages under the FLSA, damages for retaliation, attorney's fees, and expenses of litigation.

2.      **Plaintiff's Obligations.** Plaintiff agrees that in connection with this agreement, he will file a voluntary dismissal with prejudice of this matter, <u>Phillip Jackson v. Garnett Johnson and Modern Business Workplace Solutions</u>, U.S. District Court for the Southern District of Georgia Case Number 1:23-CV-74-JRH-BKE (the "Action"), within two (2) weeks of receipt of payment of the settlement proceeds described in Paragraph 1.   Plaintiff hereby acknowledges that the agreement to voluntary dismiss the Action is material to Defendants' decision to resolve and settle the subject matter of this Release and Settlement Agreement.

3.      **Release and Discharge by Plaintiff.**  Upon payment of consideration, Plaintiff agrees to individually and on behalf of his successors, heirs, assigns, executors, personal representatives, administrators, and all persons and entities who might claim through them, to fully and forever release, acquit, and discharge Defendants, their predecessors, successors, parents, subsidiaries, affiliates, divisions, assigns, joint ventures, current and former employees, current and former officers, current and former directors, current and former shareholders, current and former representatives, current and former attorneys, current and former agents and any present or former benefit plans, from any and all claims, demands, contracts, agreements, promises, accountings, causes of action, suits, liabilities, rights, objections, obligations, injuries, damages, losses, judgments, costs, expenses, and controversies whatsoever, whether individual, class derivative, legal, equitable, or otherwise, fixed or contingent, joint or several, known or unknown,

actual or potential, foreseen or unforeseen, suspected or unsuspected, of any nature whatsoever, that Plaintiff may have or may hereafter have (whether through operation of law, assignment or subrogation), against the Releasees solely based on alleged violations of the FLSA in the Action and Plaintiff's allegations that Defendants terminated his employment in retaliation of Plaintiff raising issues related to the FLSA.  This is not a general release of claims.

Plaintiff hereby further agrees to indemnify and hold Defendants harmless from any and all costs and expenses, including but not limited to, any tax liabilities, penalties, interest or attorneys' fees which may arise from any claim against Defendants for failing to withhold, or underwithholding, taxes from the above-stated sum, as a result of this disbursement, with the exception of Defendants' obligations to withholding and remittance under federal and state law with respect to the amount designated as W-2 wages.

Plaintiff hereby further covenants and agrees that he will forever refrain and forebear from directly or indirectly, on his own behalf, derivatively, or on behalf of a class, commencing, instituting, or prosecuting any lawsuit, action or other proceedings against the Releasees, based on the claims released in this Agreement.

Plaintiff further acknowledges that he may hereafter discover facts related to his claims arising under the FLSA that are different from or in addition to those which he now knows or believes to be true with respect to the claims in the Action and agrees that, in such event, this Agreement shall nevertheless be and remain effective in all respects, notwithstanding such different or additional facts, or the discovery thereof.

Nothing in this Agreement shall prevent or is intended to prevent Plaintiff from obeying or responding to any court order or decree or any subpoena directed to him by any law enforcement agency, administrative agency, grand jury or any other governmental investigative body or from

otherwise complying with the law. Nothing contained in this Agreement shall prohibit Plaintiff from providing truthful testimony about any of the Defendants and Releasees or any of the claims in the Action in any proceeding in which he is compelled to do so by court order, subpoena or other legal proceeding.  Nothing in this Agreement prohibits Plaintiff in any way from discussing his FLSA claims, the factual basis therefore, or this settlement, which shall be filed publicly.

4.      **Warranty of Capacity to Execute Agreement**.  The Plaintiff, by his signature, represents and warrants that he is of legal age; that he is suffering under no mental disability; that he is not under the influence of any drugs or other substances which would affect judgment, reason, or understanding; and that he has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this agreement.

5.      **Disclaimer of Liability**.  All parties agree that there is no admission of liability by either or both Defendants and that this settlement does not constitute an admission of liability by either or both Defendants.

6.      **Entire Agreement and Successors-In-Interest**.  This agreement contains the entire agreement between the parties hereto and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each.  All agreements and understandings between the parties hereto are embodied and expressed herein; the terms of this agreement are contractual and not mere recitals; and no modification of this agreement shall be effective.

7.      **Venue and Construction by Georgia Law and U.S. Law**.  The parties consent to the exclusive jurisdiction and venue of the United States District Court for the Southern District of Georgia, Chief Judge J. Randal Hall, to resolve any disputes under this Agreement, and to enforce any of the terms of this Agreement. If Judge Hall is no longer serving in his capacity as a District

Judge, the parties hereby agree and consent to the substitution of another Judge within the United States District Court for the Southern District of Georgia. This agreement is entered into in the State of Georgia and shall be construed, interpreted, and enforced in accordance with its law and the law of the United States.

8. **Representation of Comprehension of Document**. In entering into this agreement, the Plaintiff represents that the terms of this Release have been completely read by him. The Plaintiff further represents that the terms of this release are fully understood and voluntarily accepted by him.

9. **Captions.** The captions preceding the paragraphs of this Release are for reference purposes only and shall not be construed to limit, modify, or expand the actual provisions contained in this agreement.

10. **Recitals**. The Recitals in this agreement are true and correct and are, by this reference, made a part of this agreement.

11. **Counterparts**. This Agreement may be executed in multiple, identical counterparts, each of which when fully executed shall be deemed an original; but, in making proof of this Agreement, it shall not be necessary to produce or account for more than one such counterpart.

12. **Use in Evidence**: Except as it relates to the Action, drafts of this Agreement any other aspects of the settlement generally, including the fact of settlement, are inadmissible in evidence, will not be used for any purpose other than settlement negotiations, and will not be disclosed, provided, or offered for any purpose in any court or other proceedings, except as required by court order.

13.    **Understanding**:  Plaintiff acknowledges and represents that he has read this Agreement in full and that he has relied upon the advice of his attorneys, who are the attorneys of his own choice, concerning the legal consequences of this Release and Settlement Agreement; that the terms of this Release and Settlement Agreement, which is the full and final agreement between the parties, are fully understood and accepted by Plaintiff. Plaintiff and his counsel have revised this Agreement, and, accordingly, any rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed in any interpretation of this Agreement.

14.    **Assignment**:  Plaintiff hereby represents and warrants that he has not heretofore assigned, transferred, or hypothecated or purported to assign, transfer or hypothecate to any person or entity not a signatory of this Agreement any claim or matter herein released, disclaimed, discharge or terminated. In the event of such assignment, transfer, or hypothecation of any claim or other matter herein released, discharged, terminated or disclaimed, Plaintiff agrees to indemnify and hold Defendants and Releasees harmless from and against any liability or loss, and for any cost, expense or judgment or settlement arising out of a revocation by, or arising in connection with any benefit of and be binding on any successor in interest of Defendants and Releasees, whether by merger, consolidation, transfer of all or substantially all of Defendants' and Releasees' assets, or otherwise.

15.    **Liens**: Plaintiff warrants and represents that there are no liens or claims for any funeral expenses, hospital expenses, medical expenses, physician expense, other health care providers' expenses, attorneys' fees, costs or expenses or any other lien or claim of any kind or character asserted or which could be asserted against the payments made pursuant hereto or against the released parties. Furthermore, should any such claims ever be asserted, Plaintiff will be responsible for satisfying such claims. Without limiting the foregoing, to the extent any such liens or claims may be asserted against any of the released parties, Plaintiff shall defend and indemnify

7

and hold harmless any party hereby released therefrom and from all attorneys' fees reasonably incurred in the defense of any such claim.

     16.   **Waiver**: The waiver by any party to this Agreement of a breach of any of the provisions of this Agreement shall not operate or be construed as a waiver of any subsequent or simultaneous breach.

**THIS IS A RELEASE! READ BEFORE SIGNING!**

**SIGNATURES**:

**PLAINTIFF:**

Phillip Jackson (May 23, 2024 13:40 EDT)

_____

**Phillip Jackson,**
**Plaintiff**

05/23/24

_____

**Date**

**APPROVED AS TO FORM ONLY:**

_____

**Jake Knanishu**
**Radford Scott LLP**
**Attorney for Plaintiff**
**315 W. Ponce de Leon Avenue, Suite 1080**
**Decatur, Georgia 30030**
**Telephone: 678-271-0307**
**jknanishu@radfordscott.com**

05/23/24

_____

**Date**

**DEFENDANTS:**

**Modern Business Workplace Solutions:**

By: Garrett L Johnson

_____

**(Printed Name)**

5/22/2024

_____

**Date**

**As its:**

Owner

_____

**(Title)**

_____          _____5/22/2024_____
**Garnett Johnson,**                      **Date**
**Defendant**

_____          _____
**Daniel W. Hamilton**                    **Date**
**Plunkett Hamilton Manton & Graves, LLP**
**Attorney for Defendants**
**429 Walker Street, Upper Level**
**Augusta, Georgia, 30901**
**Georgia Bar No.  320855**
**Telephone:  706-722-6200**
**E-mail: dhamilton@phmglaw.com**

9