IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| PHILLIP JACKSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 123-074 |
| | * | |
| GARNETT JOHNSON and MODERN | * | |
| BUSINESS WORKPLACE SOLUTIONS, | * | |
| LLC, | * | |
| | * | |
| Defendants. | * | |

O R D E R

Before the Court is the Parties' renewed joint motion for settlement approval. (Doc. 17.) Pursuant to Eleventh Circuit precedent and the FLSA, the Court is required to scrutinize the proposed settlement agreement for fairness before approving it and entering judgment. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). On April 26, 2024, the Court denied the Parties' original motion for settlement approval (Doc. 15), and they have now submitted a renewed motion and amended agreement. For the following reasons, the Parties' renewed motion (Doc. 17) is **DENIED**.

I. DISCUSSION

The Court previously found the presence of a bona fide dispute. (Doc. 15, at 3-4.) But the Court denied the Parties'

original motion because it: (1) did not contain sufficient information for the Court to properly scrutinize the settlement amount; (2) did not contain sufficient information for the Court to determine whether the attorneys' fees were fair and reasonable; (3) contained a pervasive release provision; (4) contained a confidentiality provision; and (5) contained a non-disparagement provision. (Id. at 4-11.) The Court turns its inquiry to these areas.

## A. Fairness and Reasonableness of Settlement Amount

The Court denied the Parties original motion and proposed agreement because they did not provide sufficient information for the Court to determine whether the settlement amount was fair and reasonable. (Id. at 4-6.) Specifically, the Parties did not indicate the original value of Plaintiff's claims, nor did they explain why the settlement amount did not represent any back pay. (Id.) In their renewed motion, the Parties explain Plaintiff claims 229.5 hours of unpaid overtime and that his regular hourly rate was $18.00/hour. (Doc. 17, at 5.) Multiplying the unpaid overtime Plaintiff worked by the FLSA's minimum overtime premium of one and one-half times the hourly rate, the Parties concluded Plaintiff's unpaid overtime damages are $6,196.50. (Id.) Plaintiff seeks an equal amount in liquidated damages, bringing the total damages sought for his unpaid overtime claim to $12,393.00. (Id.) The proposed settlement provides $22,500.00 to

Plaintiff for his unpaid overtime claim and liquidated damages and to compensate him for releasing his retaliation claim. (Id.)

Courts have considered several factors in determining whether an FLSA settlement is fair and reasonable, such as:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Hirsch v. Mister Sparky, Inc., No. 1:09-CV-2897, 2010 WL 11603091, at *2 (N.D. Ga. Oct. 19, 2010) (citations omitted). Courts, however, apply a strong presumption of fairness to FLSA settlements. Kyles v. Health First, Inc., No. 6:09-cv-1248, 2010 WL 11626713, at *2 (M.D. Fla. Oct. 26, 2010) (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

First, the Court finds no evidence of fraud or collusion. The Parties were represented by counsel, and they represent the settlement resulted from good-faith negotiations. (Doc. 17, at 3, 7; Doc. 14, at 5.) Second, the underlying facts are highly disputed, and the Parties agree that, if they did not reach a settlement, they would have had to engage in further costly litigation. (Doc. 17, at 3, 7; Doc. 14, at 5.) Third, proceeding with litigation carries the risk that Plaintiff's case may fail, and the Parties agree settlement avoids the uncertainty and delay of continued litigation. (Doc. 17, at 7; Doc. 14, at 5.) Finally,

3

at the Parties' request, United States Magistrate Judge Brian K. Epps presided over the mediation resulting in this settlement, and the Parties represent "each [P]arty was represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their clients' rights." (Doc. 17, at 5, 7; Doc. 14, at 5.) Based on the foregoing relevant factors, the Court finds the settlement amount is fair and reasonable.

B. Release, Confidentiality, and Non-Disparagement Provisions

The Court also denied the Parties' original motion because the proposed settlement agreement contained impermissible release, confidentiality, and non-disparagement provisions. (Doc. 15, at 8-11.)

1. Release Provision

As the Court previously explained, "[a]lthough inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use a[n] FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." (Id. at 8 (quoting Webb v. CVS Caremark Corp., No. 5:11-CV-106, 2011 WL 6743284, at *3 (M.D. Ga. Dec. 23, 2011)).) Thus, this Court has previously ruled that settlement agreements which preclude suit on non-FLSA related claims are too pervasive to be fair and reasonable. See Melvin v. People Sales

4

& Profit Co., No. CV 214-012, 2015 WL 13648559, at *1 (S.D. Ga. Jan. 23, 2015); see also Cantrell v. Bryan Cnty. Bd. of Educ., No. CV415-169, 2015 WL 10057707, at *2 (S.D. Ga. Dec. 21, 2015). Because the release provision in the original proposed settlement agreement released Defendants from both FLSA and non-FLSA claims, the Court found it was impermissibly pervasive. (Doc. 15, at 9 (citation omitted).)

The release provision in the amended agreement is substantially similar to that in the original proposed agreement, except the amended provision specifies Defendants are only released from Plaintiff's claims that are "based on alleged violations of the FLSA in th[is] [a]ction and Plaintiff's allegations that Defendants terminated his employment in retaliation of Plaintiff raising issues related to the FLSA." (Doc. 17-1, at 5.) Moreover, the release provision explicitly provides it "is not a general release of claims." (Id.) Because the amended release provision only releases Defendants from FLSA claims, the Court's concerns have been alleviated.

2. Confidentiality and Non-Disparagement Provisions

The Court also denied the original proposed settlement agreement because it contained confidentiality and non-disparagement provisions. (Doc. 15, at 10-11.) However, the Parties have removed both of those provisions from the amended agreement. (Doc. 17, at 5; Doc. 17-1; Doc. 14-1.) The amended

5

agreement provides nothing therein "prohibits Plaintiff in any way from discussing his FLSA claims, the factual basis therefor[], or this settlement, which shall be filed publicly." (Doc. 17-1, at 6.) As the amended agreement no longer contains a confidentiality or non-disparagement clause, the Court's concerns about those provisions have been resolved as well.

C. Attorneys' Fees

Nevertheless, the Court cannot approve the Parties' renewed motion and amended agreement because it finds the attorneys' fees unreasonable. In its April 26, 2024 Order, the Court asked the Parties to provide documentation of how the attorneys' fees were computed to properly consider whether the requested amount of $15,000.00 and Plaintiff's counsel's requested hourly rates are reasonable. (Doc. 15, at 6-8.) In their renewed motion, the Parties provided declarations and itemized billing ledgers for each of Plaintiff's attorneys. (Docs. 17-3, 17-4.)

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). The district court determines what fee is reasonable by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product

of this formula is the "lodestar." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citations omitted). Generally, the "relevant legal community" is that of the place where the case is filed. Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994) (citation omitted). Because the Court is itself considered an expert on hourly rates in the community, it may consult its own experience in forming an independent judgment. Loranger, 10 F.3d at 781.

Plaintiff's counsel seeks to recover fees for 45.6 hours. (Doc. 17, at 5.) The Parties represent these hours were expended as follows: (a) 3.4 hours "on preliminary settlement efforts"; (b) 12.5 hours "on researching, drafting, and serving the initial pleadings, as well as Plaintiff's counsel's admission *pro hac vice* and review of Defendant['s] [a]nswer"; (c) 16 hours "on preliminary discovery, setting the case for mediation, and preparing for mediation"; (d) 9.3 hours "on the mediation itself"; and (e) 4.4 hours on "executing the settlement agreement and filing the previous motion for approval." (Id. at 5-6.) The Court finds these hours reasonable, and now turns to whether the requested hourly rates are reasonable. See Hensley, 461 U.S. at 433.

7

The Parties calculate the attorneys' fees by applying an hourly rate of $315.00 for attorney Jake Knanishu and an hourly rate of $600.00 for attorney Daniel Werner. (Doc. 17-3, at 4, 7-9; Doc. 17-4, at 6-7, 10.) As the Court explained in its April 26, 2024 Order, the current reasonable rate for a more experienced attorney in the Augusta legal market is $375.00/hour, while the reasonable rate for all other attorneys is $300.00/hour. (Doc. 15, at 7 (citing Kirkland v. QLS Enters., LLC, No. CV 121-133, 2022 WL 988003, at *2 (S.D. Ga. Mar. 31, 2022)).) Mr. Werner argues the Court should depart from these rates because (1) other courts — including one in this District — have awarded him more than $375.00/hour; and (2) "[c]ourts have found Atlanta-based partner billing rates of as high as $865 per hour to be reasonable." (Doc. 17-4, ¶¶ 17-20 (citations omitted).) Similarly, Mr. Knanishu contends the Court should award him fees at his requested rate of $315.00/hour because "Atlanta law firm billing rates increased by nine and one-half percent (9.5%) in the first nine months of 2023," and his requested rate is only 5% greater than the $300.00/hour the Court set as the reasonable rate for similarly experienced attorneys in Kirkland. (Doc. 17-3, at 3-4 (citation omitted).)

The Court is persuaded that the current reasonable hourly rate for the Augusta legal market requires adjustment. As the Court previously explained, the current reasonable hourly rate for

8

someone of Mr. Knanishu's experience is $300.00. (Doc. 15, at 7 (citing Kirkland v. QLS Enters., LLC, No. CV 121-133, 2022 WL 988003, at *2 (S.D. Ga. Mar. 31, 2022)).) This was an increase upon the earlier rate of $275.00/hour as a reasonable billing rate in the Augusta legal market. M.I.T., Inc. v. Medcare Express, N. Charleston, LLC, No. 1:14-cv-081, Doc. 12 (S.D. Ga. Oct. 14, 2014). While Kirkland acknowledged the reasonable hourly rate for attorneys with similar experience to Mr. Knanishu in Augusta was $300.00, the Court first set that rate in Plumbers & Steamfitters Local No. 150 Pension Fund v. Muns Group, Inc., No. 1:15-CV-200, Doc. 37 (S.D. Ga. Dec. 16, 2015). Recognizing almost nine years have passed since it last adjusted the reasonable billing rate in the Augusta market, the Court finds Mr. Knanishu's requested rate of $315.00/hour is reasonable.

Turning to Mr. Werner, he represents he has approximately twenty-eight years of employment law experience. (Doc. 17-4, at 2.) The current hourly rate for an attorney with similar experience is $375.00. See Kirkland, 2022 WL 988003, at *2. The Court does not find Mr. Werner's citations to cases outside of the Augusta division persuasive to award him the full requested hourly rate of $600.00 because those legal markets differ greatly from the Augusta legal market. (Doc. 17-4, at 5-7.) However, for the reasons explained above, the Court finds increasing the reasonable hourly rate of $375.00 for attorneys with similar experience to

Mr. Werner is warranted. Accordingly, the Court finds a rate of $450.00/hour for Mr. Werner is fair and reasonable given his significant experience litigating employment cases. Because Mr. Werner seeks a rate of $600.00/hour, which still far exceeds the Court's newly set rate of $450.00/hour, the Court finds his requested hourly rate unreasonable. Therefore, the Court cannot approve the amended settlement as it stands, and any future proposed settlement agreement should take these findings into consideration.

## II. CONCLUSION

For the foregoing reasons, the Parties' renewed joint motion for settlement approval (Doc. 17) is **DENIED**. Within **SEVEN (7) DAYS** of the date of this Order, the Parties may file on the public docket a revised motion for approval of their settlement agreement with an amended agreement appended that addresses the issues discussed herein. If the Parties do not move for approval of their revised settlement agreement within **SEVEN (7) DAYS**, the Court **DIRECTS** the Parties to submit a status report setting forth the status of settlement discussions.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of August, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA