IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| PHILLIP JACKSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 123-074 |
| | * | |
| GARNETT JOHNSON and MODERN | * | |
| BUSINESS WORKPLACE SOLUTIONS, | * | |
| LLC, | * | |
| | * | |
| Defendants. | * | |

## O R D E R

Before the Court is the Parties' second renewed joint motion for settlement approval. (Doc. 19.) Pursuant to Eleventh Circuit precedent and the FLSA, the Court is required to scrutinize the proposed settlement agreement for fairness before approving it and entering judgment. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). On August 21, 2024, the Court denied the Parties' renewed motion for settlement approval (Doc. 18), and they have now submitted a second renewed motion and amended agreement (Doc. 19). For the following reasons, the Parties' second renewed motion (Doc. 19) is **GRANTED**.

### I. DISCUSSION

The Court previously found the presence of a bona fide dispute; a fair and reasonable settlement amount; and that the

Court's concerns about the release, confidentiality, and non-disparagement provisions had been resolved. (Doc. 15, at 3-4; Doc. 18, at 2-6.) But the Court denied the Parties' renewed motion because it contained attorneys' fees the Court did not find fair and reasonable. (Doc. 18, at 6.)

The Court finds the attorneys' fees requested in the Parties' second renewed motion and amended agreement are fair and reasonable. The Court thoroughly outlined the legal standards applicable to legal fees in the context of FLSA settlements in its August 21, 2024 Order and thus will not repeat them here. (See Doc. 18 at 6-10.) In that Order, the Court found the total hours expended reasonable and the requested hourly rate for Mr. Knanishu of $315.00/hour to be reasonable. (Id. at 9.) The Court also found a rate increase for attorneys of similar experience to Mr. Werner was warranted, and increased the fair ad reasonable rate for attorneys with significant experience to $450.00/hour. (Id. at 10.) Nonetheless, because Mr. Werner's requested rate of $600/hour was still well above the newly set rate of $450.00/hour, the Court declined to approve the settlement and gave the Parties seven days to propose an amended settlement agreement incorporating the Court's findings. (Id.) The Parties timely submitted a renewed settlement agreement, reflecting a decrease in the attorneys' fees requested for Mr. Werner's work by a total of

2

$375.00 to reflect a rate of $450.00/hour for Mr. Werner's work. (Doc. 19, at 2.)

For the reasons explained in its August 21, 2024 Order, the Court finds a rate of $450.00/hour for Mr. Werner's work is fair and reasonable given his significant experience litigating employment cases. (<u>See</u> Doc. 18, at 10.) Because the Court now finds both the hours expended and the hourly rates requested to be reasonable, the Court approves the amended settlement agreement.

## II. CONCLUSION

For the foregoing reasons, the Parties' renewed joint motion for settlement approval (Doc. 19) is **GRANTED**. The second amended settlement agreement, therefore, is **APPROVED**. (Doc. 19-1.) The Parties' joint motion stipulates to the dismissal of this action with prejudice upon approval of the Settlement Agreement and Release. (Doc. 19, at 2.) Accordingly, **IT IS FURTHER ORDERED** that this matter is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED to TERMINATE** all other motions and deadlines, if any, and CLOSE this case.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of January, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA